IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

KEVIN TERRELL JACKSON,

   Petitioner,

vs.

JOSE M. VAZQUEZ, Warden,

   Respondent.

CIVIL ACTION NO.: CV205-096

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Kevin Terrell Jackson ("Jackson"), an inmate incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C.A. § 2241. Respondent filed a Response, and Jackson filed an amendment to his petition. Jackson filed a Motion for Summary Judgment, to which Respondent has responded. For the reasons which follow, Jackson's petition should be **DISMISSED**. Jackson's Motion for Summary also should be **DISMISSED**.

## STATEMENT OF THE CASE

Jackson was found guilty of one count of conspiracy to distribute and possession with the intent to distribute cocaine base, in violation of 21 U.S.C.A. § 846, and two counts of distribution of cocaine base, in violation of 21 U.S.C.A. § 841, in the Eastern District of North Carolina (Case Number 4:93-CR-45). Jackson was sentenced to 324 months' imprisonment. (Resp't's Ex. A, p. 2.)

## DISCUSSION AND CITATION TO AUTHORITY

In the instant petition, Jackson asserts that Respondent, the Warden at FCI Jesup, conspired with, *inter alia*, the judge who sentenced him and the Assistant United States

AO 72A
(Rev. 8/82)

Attorney who prosecuted him in Case Number 4:93-CR-45 in the Eastern District of North Carolina to deprive Jackson of his liberty. Jackson contends that he has suffered damages as a result of these individuals' criminal activities. Jackson seeks over $3.5 billion in damages based on these individuals' actions, as well as an emergency restraining order. (Pet., p. 4; Pet'r's Att., p. 125.)

In general, the distinction between claims that may be brought under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), and those that must be brought as habeas petitions is now reasonably well settled. Claims in which prisoners assert that they are being subjected to unconstitutional punishment not imposed as part of their sentence, such as, for example, a serious risk of beatings or sexual assaults at the hands of other prisoners, are Bivens actions, not habeas actions. See, e.g., Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970, 128 L. Ed.2d 811 (1994). Habeas actions, in contrast, are those that explicitly or by necessary implication challenge a prisoner's conviction or the sentence imposed on him by (or under the administrative system implementing the judgment of) a court. Thus, for example, when a prisoner makes a claim that, if successful, would shorten his term of imprisonment, the claim must be brought as a habeas petition, not as a Bivens claim. See, e.g., Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584, 137 L. Ed.2d 906 (1997); Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed.2d 383 (1994).[1] Based on this settled distinction, the claims at issue and the relief sought here are far more analogous

---

[1] Although the cases cited in the body of this Report are cases dealing with causes of actions filed under 42 U.S.C.A. § 1983, courts generally apply the same law to Bivens claims as they do to section 1983 claims. See Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995).

2

to those asserted in Bivens actions rather than in habeas petitions. See Gwin v. Snow, 870 F.2d 616 (11th Cir. 1989).

Jackson's petition consists largely of incoherent rhetoric. At best, it appears that Jackson asserts that Respondent and other individuals are falsely imprisoning him based on his arrest and conviction in Case Number 4:93-CR-45. Should Jackson wish to assert a claim for money damages under Bivens, he cannot do so unless and until he has proven the termination of his prior criminal prosecution in his favor. See Heck, 512 U.S. at 484, 114 S. Ct. at 2371, 129 L. Ed.2d 383; see also Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Jackson's petition for writ of habeas corpus, filed pursuant to 28 U.S.C.A. § 2241, be **DISMISSED**. It is also my **RECOMMENDATION** that Jackson's Motion for Summary Judgment (Doc. No. 27) be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 25th day of October, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE